UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN THIBODEAU,

    Petitioner,                                        Civil Action No. 15-CV-13796

vs.                                                     HON. BERNARD A. FRIEDMAN

SHERMAN CAMPBELL,

    Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S LETTER-MOTION TO HOLD PROCEEDINGS IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE

This matter is before the Court on petitioner Bryan Thibodeau's letter-motion to hold these proceedings in abeyance so he may exhaust additional claims in state court [docket entry 11].

Petitioner, a Michigan state prisoner, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges his 2012 convictions on thirty-seven counts, including conducting a criminal enterprise, felon in possession of a firearm, first and second degree home invasion, conspiracy to commit first and second degree home invasion, attempted first and second degree home invasion, larceny, safe breaking, and possession of burglary tools. Pet. pp. 3–4.

Before filing a federal habeas petition, a petitioner must first exhaust all available remedies in state court. 28 U.S.C. § 2254(b). A district court may stay a habeas proceeding pending resolution of state post-conviction proceedings. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005) ("District courts do ordinarily have authority to issue stays where such a stay would be a proper exercise of discretion.") (citations omitted). In *Rhines*, the Supreme Court held if outright

dismissal of a petition would jeopardize the timeliness of a future petition, a district court may hold habeas proceedings in abeyance while the petitioner exhausts unexhausted claims. *Id.* at 278.

The present petition presents only exhausted claims. Where a habeas petition presents only exhausted claims, the Court may either adjudicate the exhausted claims while the petitioner simultaneously exhausts additional claims in state court or stay the petition while the petitioner seeks state-court collateral relief. This Court's decision whether to grant a stay is informed "by the potential for parallel federal habeas and state post-conviction proceedings and Rhines." *Thomas v. Stoddard*, 89 F. Supp. 3d 937, 942–43 (E.D. Mich. 2015). It is better that petitioner's claims be first decided by the state court, which may conduct an evidentiary hearing or otherwise allow petitioner to supplement the record. Granting plaintiff's request would not cause prejudice to respondent. Further, if the Court denied the stay and decided the petition before completion of state-court collateral review, petitioner would have to satisfy a higher burden to receive authorization to file a successive habeas petition under 28 U.S.C. § 2244(b)(2).

If a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that there are no delays by petitioner in exhausting his state-court remedies, this Court will impose time limits within which petitioner must proceed with his state-court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002). The stay is conditioned upon petitioner diligently pursuing relief in the state courts by filing timely appeals in his post-conviction proceeding, and then by returning to federal court within sixty days after exhausting his state-court remedies. *See Hargrove v. Brigano*, 300 F. 3d 717, 718 (6th Cir. 2002). *See also Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014)

(holding that dismissal of a habeas petition is appropriate where a petitioner has failed to comply with the terms of a stay).

Accordingly,

IT IS ORDERED that petitioner's letter-motion to hold the petition in abeyance is granted.

IT IS FURTHER ORDERED that within sixty days after exhausting his state-court remedies, petitioner must move to reopen this proceeding and to amend the petition to include his newly-exhausted claim(s). Should Petitioner fail to comply with any of the time limits or conditions imposed by this order, his petition will be dismissed.

IT IS FURTHER ORDERED that the Clerk of Court administratively close this case.

Dated: December 14, 2017
Detroit, Michigan

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 14, 2017.

s/Johnetta M. Curry-Williams
Case Manager