UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN THIBODEAU,
#174361,

        Petitioner,              Case No. 15-cv-13796
                                              HON. BERNARD A. FRIEDMAN

v.

FREDEANE ARTIS,[1]

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS
AND CERTIFICATE OF APPEALABILITY,
GRANTING LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS, AND
AMENDING THE CASE CAPTION**

I.    Introduction

Before the Court is petitioner Bryan Thibodeau's pro se petition for a writ of habeas corpus. Thibodeau challenges his 2012 convictions on thirty-seven counts.[2] He raises six claims for relief. Respondent has filed an answer arguing that one claim is procedurally defaulted and all the remaining

---

[1] The warden at Thibodeau's current place of incarceration is Fredeane Artis. The Court will direct the Clerk of the Court to amend the case caption to reflect that Artis is the respondent. *See* Rule 2(a), Rules Governing Section 2254 Cases.

[2] The petition addresses the following convictions: possession of burglar's tools Mich. Comp. Laws § 750.116, twenty-three counts of second-degree home invasion, Mich. Comp. Laws § 750.110a(3), two counts of attempted second-degree home invasion, Mich. Comp. Laws § 750.110a(3), conspiracy to commit first-degree home invasion, Mich. Comp. Laws § 750.110a(2), attempted first-degree home invasion, Mich. Comp. Laws § 750.110a(2), conspiracy to commit second-degree home invasion, Mich. Comp. Laws § 750.110a(3), safe breaking, Mich. Comp. Laws § 750.531, first-degree home invasion, Mich. Comp. Laws § 750.110a(2), felon in possession of a firearm, Mich. Comp. Laws § 750.224f, two counts of larceny of a firearm, Mich. Comp. Laws § 750.357b, conducting a criminal enterprise, Mich. Comp. Laws § 750.159i(1), and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b.

claims are meritless. For the following reasons, the Court will deny the petition.

II.     Background

Thibodeau was charged in Michigan state court with thirty-seven crimes arising from two dozen home invasions between September 2010 through January 2012. On June 4, 2012, Thibodeau pleaded guilty as charged and admitted to breaking into the homes and stealing multiple items including firearms. (*See* Plea Tr. at 31-35.) On July 12, 2012, he was sentenced to 26 years, 8 months to 40 years on all counts, except for the felony-firearm counts for which he was sentenced to two years. The felony-firearm sentences were ordered to be served concurrently with one another but consecutively to the other sentences. And the four first-degree home invasion convictions were to be served concurrently with one another but consecutively with the other sentences. The aggregate sentence was 55 years 4 months to 82 years imprisonment. Both the Michigan Court of Appeals and the Michigan Supreme Court denied his applications for leave to appeal. *People v. Thibodeau*, No. 320115 (Mich. Ct. App. March 11, 2014); *People v. Thibodeau*, 497 Mich. 882 (2014).

Thibodeau next filed a habeas corpus petition with this Court. (ECF No. 1.) He moved to hold this proceeding in abeyance to allow him to exhaust additional claims in state court. (ECF No. 11.) The Court granted the motion. (ECF No. 13.)

Thibodeau then filed a motion for relief from judgment in the state trial court raising the following claims: (i) the prosecutor did not timely file a habitual offender notice; (ii) counsel was ineffective for failing to object to the untimely notice and for failing to include an affidavit with a judicial recusal motion; and (iii) the judge who signed the warrant was biased because police suspected that Thibodeau was the suspect who had broken into the judge's home. The trial court denied Thibodeau's motion. Op. & Order, *People v. Thibodeau*, No. 12-000465 (St. Clair County

Cir. Ct. Jan. 4, 2018). And, once again, the Michigan Court of Appeals and the Michigan Supreme Court denied his applications for leave to appeal. *People v. Thibodeau*, No. 344395 (Mich. Ct. App. Nov. 16, 2018); *People v. Thibodeau*, 503 Mich. 1020 (2019).

Thibodeau asked this Court to reopen the habeas corpus proceeding. (ECF No. 15.) The Court granted the motion. *See* 8/2/2019 Order (ECF No. 16.) Thibodeau filed an amended petition raising the following claims:

I. The trial court erred when it denied the motion to recuse all the St. Clair County Circuit judges and the request for a change of venue when at least one of the complainants was a sitting judge in that circuit and her husband was a county commissioner.

II. The trial court erred when it denied the motion to withdraw the plea which was inaccurately, involuntarily, and unknowingly made and also resulted from ineffective assistance of counsel.

III. The trial court erred when it denied the motion to correct the invalid sentence.

IV. The trial court erred when it ordered that any restitution hearing be held within 2 weeks of the sentencing.

V. Defendant must be granted relief where counsel failed to timely file and include an affidavit with his motion to recuse, and the magistrate who signed the warrant was a victim.

VI. Defendant was denied his Sixth and Fourteenth Amendment right to the effective assistance of counsel at trial and on appeal because his trial counsel failed to raise Argument V, thereby establishing good cause for failing to timely raise this argument previously.

III. <u>Legal Standards</u>

A § 2254 habeas petition is governed by the heightened standard of review set forth in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Habeas petitioners who challenge "a matter adjudicated on the merits in State court [must] show that the relevant state court decision (1) was contrary to, or involved an unreasonable application of, clearly established

Federal law, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." *Wilson v. Sellers*, 138 S. Ct. 1188, 1191 (2018) (cleaned up). The focus of this standard "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "AEDPA thus imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (cleaned up).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quotation omitted). Also, a state-court's factual determinations are presumed correct on federal habeas review, 28 U.S.C. § 2254(e)(1), and this Court's review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

IV. <u>Analysis</u>

    A. *Change of Venue and Judicial Recusal (Claim I)*

Thibodeau moved for a change of venue and for the three judges of the St. Clair County Circuit Court to recuse themselves from his case. Thibodeau argued that he could not receive a fair trial in the court because one of the court's judges (though not the judge assigned to his case) was an alleged victim and named on the prosecution's witness list.

A valid guilty plea generally forecloses claims alleging the deprivation of constitutional rights that occurred before the plea's entry. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The Supreme Court has explained that:

4

> a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett*, 411 U.S. at 267.

Simply stated, a defendant who pleads guilty or no contest generally waives any non-jurisdictional claims that arose before his plea. Because Thibodeau's argument involves non-jurisdictional matters that occurred before the guilty plea, his claim of judicial bias is now waived.

    B.    *Voluntariness of Plea (Claim II)*

Thibodeau maintains that his plea was rendered involuntary by defense counsel's ineffectiveness. He also argues that he is actually innocent of carrying on a continuing enterprise and possessing burglary tools, so his plea to these crimes was not knowing or voluntary.

A valid guilty plea must be voluntary and intelligent. *Brady v. United States*, 397 U.S. 742, 748-49 (1970). The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id*. at 748. The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id*. at 749. A guilty plea is voluntary when entered by one fully aware of "[its] direct consequences." *Id.* at 755. The mere fact that the defendant "did not correctly assess every relevant factor entering into his decision" does not mean that the decision was not intelligent. *Id*. at 757 (quotation omitted).

Thibodeau already challenged the voluntariness of his plea on direct review. The Michigan Court of Appeals denied leave to appeal in a summary order. *People v. Thibodeau*, No. 320115 (Mich. Ct. App. March 11, 2014). Absent some indication to the contrary, this type of

summary order is considered an adjudication on the merits to which AEDPA deference attaches. *See Harrington v. Richter*, 562 U.S. 86, 99-100 (2011). Since Thibodeau offers no basis for rebutting that presumption and the Court finds none, AEDPA's deferential standard of review governs.

        1.      Counsel's Performance

Thibodeau contends that his plea was involuntary because counsel failed to secure a favorable plea bargain and failed to explore the range of sentences he might receive. Violation of the Sixth Amendment's right to effective assistance of counsel requires a showing that the defense attorney's performance was both deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In the guilty plea context, deficient performance means that counsel's representation fell below an objective standard of reasonableness or was outside the range of competence demanded of attorneys in criminal cases. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985). The "prejudice" prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. Thibodeau must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

Nothing in the record supports Thibodeau's assertion that his attorney was ineffective for failing to obtain a favorable plea agreement. A criminal defendant has "no right to be offered a plea." *Lafler v. Cooper*, 566 U.S. 156, 168 (2012). Without evidence that the prosecution would have offered a favorable plea, a petitioner cannot show that he was prejudiced by counsel's failure to secure a favorable deal. *See, e.g.*, *Missouri v. Frye*, 566 U.S. 134, 147-49 (2012) (prejudice as to "lost" plea deal requires showing that the prosecution would have offered the "lost" plea).

Thibodeau has presented no evidence that there was any possibility the prosecution would have offered him a favorable plea deal. Review of the plea hearing transcript suggests that the prosecution would not have made any offers other than the limited terms placed on the record. Counsel is not responsible for the prosecution's decision not to tender a particular offer. Absent some specific allegation of deficient performance, Thibodeau has failed to show that his attorney performed below an objective standard of reasonableness in failing to secure a favorable plea offer. *United States v. Cronic*, 466 U.S. 648, 656 n.19 (1984) ("[T]he Sixth Amendment does not require that counsel do what is impossible....").

Thibodeau's claim that counsel did not accurately explain to him the possible sentences he faced is also unsupported. A trial court's proper plea colloquy generally cures any misunderstandings a defendant may have had about the consequences of his plea. *See Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999). Thibodeau is bound by the statements he made at the plea hearing, notwithstanding his on-the-record sworn statements to the contrary. *Id.* at 566. The plea colloquy was proper, clear, and thorough. Thibodeau testified under oath that he understood the potential penalties attendant to his plea. *Ewing v. United States*, 651 F. App'x 405, 409 (6th Cir. 2016). The Michigan Court of Appeals' denial of this claim was, therefore, not an unreasonable application of *Strickland*.

2. Actual Innocence

Thibodeau next argues that he should have been permitted to withdraw his plea because he is innocent on two counts: (1) possession of burglar's tools, Mich. Comp. Laws § 750.116, and

(2) conducting a criminal enterprise, Mich. Comp. Laws § 750.159i(1). The United States Supreme Court has explicitly held that a criminal defendant may constitutionally enter a guilty plea even while protesting his innocence or declining to admit his commission of the crime. *North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970). A plea is not rendered involuntary simply because a defendant maintains his innocence. *Id.* The Court, therefore, rejects Thibodeau's claim of actual innocence.

    C.    *Sentencing (Claim III)*

Thibodeau challenges his sentence on the ground that the trial court impermissibly imposed consecutive sentences and failed to articulate substantial and compelling reasons for exceeding the sentencing guidelines. Neither argument warrants habeas relief.

Trial courts have broad discretion in determining "the type and extent of punishment for convicted defendants" as long as the sentence remains within the statutory limits. *Williams v. New York*, 337 U.S. 241, 245 (1949). Thibodeau's sentence falls within the statutory maximum for the offenses upon which he pled guilty. In Michigan, trial courts may impose consecutive sentences when a defendant was convicted of first-degree home invasion and another crime arising from the same transaction. *See* Mich. Comp. Laws § 750.110a(8) ("The court may order a term of imprisonment imposed for home invasion in the first degree to be served consecutively to any term of imprisonment imposed for any other criminal offense arising from the same transaction."); *People v. Brown*, 220 Mich. App. 680, 682 (1996).

Because state law determines whether Thibodeau should serve his sentence concurrently or consecutively, his challenge on this ground is not appropriate for habeas review. *See, e.g., Beverly v. Burt*, No. 19-1464, 2019 WL 11753785, at *3 (6th Cir. July 23, 2019) (finding that a

challenge to a consecutive sentence is not cognizable on federal habeas review); *Harrison v. Parke*, 917 F.2d 1304, 1990 WL 170428, at *2 (6th Cir. 1990) (holding that whether a sentence should run concurrently or consecutively is "a matter of substantive state law ... not cognizable in a federal habeas corpus proceeding").

Since the consecutive nature of Thibodeau's sentence is specifically authorized by statute, and permitted under the federal constitution, habeas relief is denied. *See Oregon v. Ice*, 555 U.S. 160, 165 (2009) (finding that consecutive sentences are constitutionally permissible).

   D. *Restitution (Claim IV)*

Thibodeau next argues that he was ordered to pay restitution without a hearing in violation of state law. Subject matter jurisdiction exists under § 2254 "only for claims that a person is in custody in violation of the Constitution or laws or treaties of the United States." *Washington v. McQuiggin*, 529 F. App'x 766, 772 (6th Cir. 2013) (quotation omitted); 28 U.S.C. § 2254(a). A restitution order "falls outside ... the margins of habeas ... because it is not a serious restraint on ... liberty as to warrant habeas relief." *Id.* at 773 (quotations omitted). And as a purported violation of state law, the claim is doubly barred from meriting habeas review. *Shoemaker v. Jones*, 600 F. App'x 979, 984 (6th Cir. 2015).

   E. *Ineffective Assistance of Counsel (Claims V, VI)*

In his fifth and sixth claims, Thibodeau argues that he received ineffective assistance of trial and appellate counsel. Specifically, he claims that trial counsel was deficient in failing to (1) submit an affidavit in support of his judicial recusal motion, and (2) challenge the search warrant which, Thibodeau maintains, was signed by a biased judge. Respondent counters that both these claims are procedurally defaulted. "[F]ederal courts are not required to address a

procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F. 3d 212, 215 (6th Cir. 2003); *see also Lambrix v. Singletary*, 520 U.S. 518, 525 (1997). It may be more economical for a habeas court to simply review the merits of the petitioner's claims rather than address "complicated issues of state law." *Lambrix*, 520 U.S. at 525. In this instance, the Court will proceed directly to the merits.

As discussed above, to establish that trial counsel was ineffective, a habeas petitioner must show that counsel performed both deficiently and prejudicially. *Strickland*, 466 U.S. at 687-88. Thibodeau fails to satisfy either one of the *Strickland* prongs. First, defense counsel explained that he did not file a supporting affidavit because it was already a matter of public record that one of the state circuit court judges was an alleged victim. (ECF No. 6-4, PageID.559.) This explanation is reasonable and well within the wide range of acceptable professional assistance. Second, the trial court did not deny the recusal motion because it lacked a supporting affidavit. Rather, the state court found no actual bias, or appearance of impropriety, requiring judicial recusal under the circumstances. (*Id.* at 27-28.) Petitioner fails to identify what, if anything, counsel could have done differently to change that outcome.

Thibodeau's challenge to the search warrant lacks merit as well. Claims of pre-plea ineffective assistance not relating to the acceptance of the plea are forfeited under *Tollett v. Henderson*, 411 U.S. 258 (1973). *United States v. Stiger*, 20 F. App'x 307, 308-09 (6th Cir. 2001). As a result, Thibodeau's guilty plea scuttles this claim. *See Haynes v. Burt*, No. 16-2343, 2017 WL 4404627, at *3 (6th Cir. Mar. 23, 2017) (applying *Tollett* and holding that entry of a guilty plea forecloses a subsequent Fourth Amendment challenge).

Thibodeau's contention that the trial court erred when it departed upwards from the sentencing guidelines is not cognizable on habeas review either. Michigan law requires a trial court to provide a "substantial and compelling reason" for any departure from the sentencing guidelines range. *See* Mich. Comp. Laws § 769.34. Because Thibodeau's argument is based upon an alleged violation of state law, habeas relief is unavailable. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law.").

Lastly, Thibodeau maintains that he received ineffective assistance of appellate counsel because his attorney neglected to present meritorious claims on direct review. A petitioner does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 754 (1983). Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). Because the claims raised in this petition are meritless, and since appellate counsel need not raise non-meritorious claims on appeal, habeas relief on this basis is not appropriate. *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010).

V.  Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See* Rule 11, Rules Governing Section 2254 Proceedings. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists

11

would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Since reasonable jurists would not debate the conclusion that the petition does not state a claim upon which habeas relief may be granted, the Court declines to issue a certificate of appealability. Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus and a certificate of appealability are DENIED.

IT IS FURTHER ORDERED that Thibodeau is granted leave to proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. *See* Fed. R. App. P. 24(a).

IT IS FURTHER ORDERED that the Clerk of the Court shall amend the case caption to reflect that Fredeane Artis is now the respondent.

|  |  |
|---|---|
| Dated: August 5, 2022<br>Detroit, Michigan | s/Bernard A. Friedman<br>BERNARD A. FRIEDMAN<br>SENIOR UNITED STATES DISTRICT JUDGE |

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 5, 2022.

|  |  |
|---|---|
| Bryan Thibodeau, #174361<br>THUMB CORRECTIONAL FACILITY<br>3225 JOHN CONLEY DRIVE<br>LAPEER, MI 48446 | s/Johnetta M. Curry-Williams<br>Case Manager |